Asunto: PROTOCOLIZACIÓN DE PODER

*Número:* 4734     *Resuelto:* 30 de enero de 1981

*Govén D. Martínez Suris*, Director de Inspección de Notarías; el notario *Federico Delgado Torres* compareció por derecho propio.

■ PER CURIAM: El Inspector de Protocolos que examinó el del notario Lic. Federico Delgado Torres le notificó defecto en sus escrituras de protocolización de poder Núms. 4 de 1975 y 6 de 1976, consistente en no haber incorporado al acta de protocolización los correspondientes documentos originales de mandato. En la escritura de 1976 transcribió el texto del poder y en la de 1975 hizo referencia al mismo. El notario ha demostrado que no hubo perjuicio de parte en ninguno de los dos casos, por la poderdante haber ratificado la compraventa realizada por su mandante en el primer caso; y haberse inscrito el contrato de compraventa en que el mandatario representó a su esposa vendedora, en el segundo caso.

■ La notaría es obra de esmerado cumplimiento con las variadas y numerosas disposiciones de ley que gobiernan su práctica. No satisface la excelencia que demanda su ejercicio la justificación a posteriori del error, bajo el amplio y piadoso palio de ausencia de perjuicio a las partes vinculadas en el documento.

■ La protocolización de un documento significa esencialmente su transcripción e ingreso al protocolo de instrumentos públicos del notario, incorporado o unido como parte de la escritura o acta que viabiliza este procedimiento. Dicho requisito, que se cumple en la buena práctica notarial patria, aparece descrito en el Art. 211 del Reglamento del Notariado Español, al decir:

Las actas de protocolización tendrán las características generales de las de presencia, pero el texto hará relación al hecho de haber sido examinado por el notario el documento que deba ser protocolado, a la declaración de la voluntad del requirente para la protocolización o cumplimiento de la providencia que la ordene, al de quedar unido el expediente al protocolo, expresando el número de folios que contenga y los reintegros que lleve unidos.

■ A esta síntesis normativa adaptable a nuestro medio sólo habría que eliminarle la alusión a "reintegros", y añadir, para el caso de poderes otorgados fuera de Puerto Rico (Art.

62, Ley Notarial) la certificación sobre autenticidad de la firma y calidad del notario autorizante.

El concepto de protocolización, nutrido por la raigambre del Derecho latino, tiene en Puerto Rico la misma connotación de ingreso y preservación en el protocolo del notario del documento protocolizado que refleja el Reglamento del Notariado Español.

*Exhortamos al notario Sr. Delgado Torres a ajustar su práctica notarial a la norma aquí enunciada, y, considerando que no tuvo el beneficio de ilustración previa en el asunto que motiva la intervención del Inspector de Protocolos, no habrá ulterior acción disciplinaria.*