*In re* DIZZY MURPHY RODRÍGUEZ.

*Número:* 6019          *Resuelto:* 3 de diciembre de 1993

*Govén D. Martínez Surís, Director de la Oficina de Inspección de Notarías; Dizzy Murphy Rodríguez, pro se.*

PER CURIAM: El 1ro de noviembre de 1991 emitimos una resolución ordenándole al abogado notario Dizzy Murphy Rodríguez corregir las deficiencias señaladas por el Director de la Oficina de Inspección de Notarías (Director)· en Comunicación de 16 de octubre de 1991. Le apercibimos, además, que de no cumplir con la resolución dentro del término de sesenta (60) días, podría ser disciplinado. El 14 de enero de 1992 el licenciado Murphy Rodríguez nos informó, mediante moción, que había dado cumplimiento a nuestra resolución corrigiendo todas las deficiencias. El 31 de enero de 1992 le solicitamos al Director se expresara sobre lo informado por el licenciado Murphy Rodríguez.

En Comunicación de 4 de marzo de 1992 el Director nos indicó lo siguiente:

(1)Con relación al año 1982 — nada ha corregido el notario.([1])

(2)Con relación al año 1983 — corrigió las dos deficiencias que había.

(3)Con relación al año 1984 — nada ha corregido el notario.([2])

(4)Con relación al año 1985 — corrigió cuatro (4) deficiencias, quedando cinco (5) por corregir.

(5)Con relación al año 1986 — corrigió tres (3) deficiencias y quedaron seis (6) por corregir.

(6)Con relación al año 1987 — nada ha corregido el notario.([3])

(7)Se encuadernaron los protocolos de 1988, 1989 y 1990.([4])

El 20 de marzo de 1992 concedimos nuevamente término de treinta (30) días al licenciado Murphy Rodríguez para corregir las deficiencias y reiteramos nuestro apercibimiento de que de no cumplir sería sancionado.

El 4 de mayo el licenciado Murphy Rodríguez presentó moción informativa en la cual nos informó "que las deficiencias notariales, según señaladas por el Inspector de Protocolos, fueron corregidas". Nuevamente le solicitamos al Director que se expresara sobre lo aseverado en la moción informativa. El 12 de junio de 1992 nos informó que el licenciado Murphy Rodríguez no había hecho corrección alguna con relación a las deficiencias señaladas.

El 24 de julio de 1992 concedimos al licenciado Murphy Rodríguez término de veinte (20) días para expresarse sobre lo informado por el Director. También le ordenamos mostrar causa por la cual no debía ser disciplinado. El 27 de agosto compareció solicitando prórroga por estar padeciendo de diabetes mellitus crónica y sufriendo mareos y

---

([1]) En 1982 se le habían señalado como deficiencias, entre otras, "falta de firma y sello en nota de apertura, falta de sello en nota de cierre" en ciento seis (106) escrituras, falta de setenta y nueve dólares ($79) en sellos de rentas internas y setenta y cinco centavos (.75) en sellos notariales.

([2]) En 1982 se le señalaron como deficiencias "falta de sello en nota de apertura, aclarar nota de cierre con números repetidos (71 escrituras)", además de faltar cinco dólares ($5) en sellos de rentas internas, entre otras.

([3]) Se le señaló "falta de firma y sello en nota de apertura" en setenta y cinco (75) escrituras, además de aproximadamente diecisiete (17) señalamientos de diversas otras deficiencias.

([4]) Estos protocolos no habían sido examinados.

desmayos. Alegó, además, un aparente mal entendido entre el Inspector de Protocolos y él, ya que nunca se habían reunido para discutir las faltas, "pues las veces que ha visitado [la] oficina ha sido sin cita previa, así no encontrádome [sic] en ésta".

El 9 de septiembre de 1992 el Director nos informó sobre las dificultades que estaba teniendo para inspeccionar la obra del licenciado Murphy Rodríguez y para reunirse con él. El 18 de septiembre de 1992 le concedimos al notario hasta el 5 de octubre para cumplir con nuestra Resolución de 24 de julio de 1992.

El 8 de octubre el Director nos informó que estaba en proceso de reinspeccionar la obra notarial del licenciado Murphy Rodríguez para informar su condición final. El 30 de octubre emitimos resolución indicando que luego de examinar el informe final, el Tribunal determinaría la imposición de las sanciones correspondientes. El 16 de octubre de 1992 el Director rindió informe final en el cual nos indica que aún subsisten deficiencias para 1984, 1985, 1986 y 1987. También se expresa que el licenciado Murphy Rodríguez estuvo presente en todo momento durante la verificación y que se discutieron con él las deficiencias y que éste estuvo de acuerdo con su veracidad.

El 18 de noviembre de 1992 el licenciado Murphy Rodríguez solicitó reconsideración de nuestra Resolución de 30 de octubre. El 4 de diciembre ordenamos al Director inspeccionar toda la obra notarial del licenciado Murphy Rodríguez. Indicamos específicamente que éste debería informarle a dicho notario de todas las deficiencias encontradas.

El 29 de diciembre de 1992 el Inspector de Protocolos informó que aún subsistían deficiencias para 1982, 1984, 1985, 1986 y 1987. Con respecto a los protocolos de 1988, 1989, 1990 y 1991, se encontraron numerosas deficiencias.

El 12 de febrero de 1993 ordenamos al licenciado Murphy Rodríguez mostrar causa por la cual no se le debía suspender indefinidamente del ejercicio de la notaría por razón de las deficiencias informadas, "algunas de las cuales subsisten desde el 1982, sin que hayan sido corregidas por dicho notario a pesar de las amplias oportunidades que [se le han] concedido para ello".

El licenciado Murphy Rodríguez compareció mediante dos (2) mociones en las cuales, entre otras cosas, nos solicitó una prórroga para corregir las deficiencias que aún subsistían. El 12 de marzo de 1993 concedimos hasta el 31 de mayo para corregir todas las deficiencias.

El 3 de noviembre de 1993 el Director nos rindió un informe de reinspección del cual surge que *aún subsisten deficiencias para 1982 y 1984*; que no pudo reinspeccionar los protocolos de 1988 y 1989 por no estar disponibles, y que en el protocolo de 1992 existen varias deficiencias. También informó que los protocolos de 1983, 1985, 1987, 1991 y el Registro de Affidávit estaban correctos.

Los hechos anteriormente reseñados reflejan una actitud de dejadez y total menosprecio hacia el cumplimiento de los requisitos para el ejercicio de la notaría. Han transcurrido más de dos (2) años desde que se le ordenó corregir deficiencias en su obra notarial que aún subsisten.

Hemos concedido amplia oportunidad al licenciado Murphy Rodríguez para cumplir con nuestras resoluciones y órdenes. Ya desde el 1ro de noviembre de 1991 le habíamos apercibido que si no corregía las deficiencias señaladas podría ser disciplinado. El 24 de julio de 1992 concedimos término al licenciado Murphy Rodríguez para que se expresara sobre lo informado por el Director, que contradecía su aseveración de que las deficiencias señaladas habían sido corregidas. Le ordenamos, además, mostrar causa por la cual no debía ser disciplinado. En su comparecencia el licenciado Murphy Rodríguez simplemente solicitó pró-

rroga aduciendo problemas de salud y adujo como excusa un "aparente mal entendido" entre el Inspector de Protocolos y él, pues nunca se habían reunido para discutir las faltas. No explicó ni justificó su incumplimiento.

El 30 de octubre le indicamos al licenciado Murphy Rodríguez que luego de examinar el informe final del Director determinaríamos las sanciones correspondientes. Diecinueve (19) días más tarde solicitó reconsideración de esta resolución.

El 3 de noviembre de 1993 el Director rindió su informe final. Éste refleja que a pesar de las numerosas prórrogas y oportunidades concedidas para cumplir con su deber de corregir todas las deficiencias señaladas, aún subsisten algunas. El licenciado Murphy Rodríguez tampoco ha explicado ni ha justificado su incumplimiento con nuestras órdenes. Procede que decretemos la suspensión temporera del ejercicio de la notaría del Lcdo. Dizzy Murphy Rodríguez. *In re Silva Julbe*, 132 D.P.R. 970 (1993); *In re Osorio Díaz*, 131 D.P.R. 1050 (1992).

Por todo lo antes expuesto, *se dictará sentencia separando temporeramente al licenciado Murphy Rodríguez del ejercicio de la notaría.*