*In re* MANUEL PIZARRO COLÓN.

*Número:* TS-4578          *Resuelto:* 9 de enero de 1997

*Carmen H. Carlos Cabrera, Directora de la Oficina de Inspección de Notarías,* en Informe; *Manuel Pizarro Colón, pro se.*

PER CURIAM:

I

El 10 de febrero de 1995 concedimos al notario Manuel Pizarro Colón treinta (30) días para que corrigiera varias deficiencias señaladas por el entonces Director de la Oficina de Inspección de Notarías, Lcdo. Govén D. Martínez Surís, y, además, mostrara causa por la cual no debíamos disciplinarlo. El 21 de abril le prorrogamos dicho término por quince (15) días.

El 5 de junio la Directora Interina de Inspección de Notarías, Lcda. Nydia Martínez de Lajara, nos informó que para el 18 de mayo aún subsistían las deficiencias por subsanar siguientes:

(1) Protocolo de 1984—tres (3) escrituras sobre *Protocolización de Poder Especial* en las que se protocoliza una fotocopia de un documento con nombres de los poderdantes y el notario,

*sin sus firmas.* Tampoco se incluyó un certificado del *County Clerk.*

(2) Protocolo de 1985—dos (2) escrituras sobre *Protocolización de Poder Especial* donde no se incluyó el poder original y faltaba el certificado del *County Clerk.*

(3) Protocolo de 1986—escritura de *Protocolización de Poder Especial* falta el poder que se protocoliza y el certificado del *County Clerk.*

(4) Protocolo de 1988—escritura de *Compraventa*; falta nota al margen que exprese que se efectuó la lectura dos (2) veces en alta voz (uno de los comparecientes no sabe leer), no expresa el nombre de los cónyuges de los vendedores ni la unidad de acto.

(5) Protocolo de 1990—escritura de *Compraventa* en la que dos (2) de los compradores son casados y comparecen solos. No se acreditó que el dinero invertido fuera privativo.

El 30 de junio le concedimos al licenciado Pizarro Colón quince (15) días para subsanar esas deficiencias y un término final para cumplir con nuestra Resolución de 10 de febrero de 1995. A su vez, le ordenamos que mostrara causa por la cual no debía ser disciplinado como notario y abogado. Por último, lo apercibimos de que el incumplimiento con los términos de esa Resolución conllevaría su suspensión automática de la abogacía.

El 31 de julio recibimos su contestación de 25 de abril. Alegó que los defectos en las diferentes escrituras no habían ocasionado daños y se comprometió a someter las Certificaciones Registrales que lo confirman. El 25 de agosto instruimos a la Lcda. Carmen H. Carlos Cabrera, Directora de la Oficina de Inspección de Notarías, que nos sometiera un informe *suplementario* en torno a lo expuesto por el licenciado Pizarro Colón. En comunicación de 22 de noviembre, la licenciada Carlos Cabrera nos indicó que a partir de la contestación del licenciado Pizarro Colón no había recibido respuesta alguna, por lo que entendió que las deficiencias señaladas en su Informe de 18 de mayo permanecían sin subsanar.

A petición nuestra, la licenciada Carlos Cabrera preparó un nuevo informe de suplementación el 12 de febrero de

1996. En dicho informe nos informó que para el 18 de enero de 1996 el licenciado Pizarro Colón aún no había obtenido las Certificaciones Registrales y que las deficiencias en su obra notarial permanecían sin corregir. *Además, señaló que el mencionado abogado tampoco había presentado los Índices Notariales de mayo, junio y julio de 1994.*

El 8 de marzo le concedimos al licenciado Pizarro Colón un término final de treinta (30) días para que presentara en la Oficina de Inspección las Certificaciones Registrales alegadamente acreditativas en su contestación. En igual término debía mostrar causa por la cual no debía ser disciplinado por omitir los aludidos índices notariales.

El 11 de abril el licenciado Pizarro Colón nos informó que había presentado tardíamente los índices notariales a la Oficina del Inspector de Protocolos y que le fueron devueltos para que fueran acompañados de una moción explicativa. En cuanto a las Certificaciones Registrales, adujo que envió a la Oficina de Inspección de Notarías las gestiones realizadas referente a éstas.

El 25 de junio la licenciada Carlos Cabrera nos presentó un "Informe de Seguimiento" en el cual indicó que el licenciado Pizarro Colón sólo solicitó *algunas* de las Certificaciones Registrales y aún no había corregido las deficiencias señaladas. Sobre los Índices Notariales, el abogado los envió tardíamente aduciendo como excusa que no contaba con una secretaria y razones de salud.

El 24 de julio emitimos una resolución en la cual concedimos *una última oportunidad* al licenciado Pizarro Colón para que le diera cumplimiento a nuestra Resolución de 8 de mayo. Fue apercibido, además, de que un nuevo incumplimiento sería suficiente para suspenderlo del ejercicio de la abogacía y la notaría. El 29 de agosto el licenciado Pizarro Colón alegó que envió las Certificaciones Registrales a la Oficina de Inspección de Notarías y que las razones expresadas para la presentación tardía de los Índices Notariales era la *verdad.* Otra vez, el 20 de septiembre instrui-

mos a la licenciada Carlos Cabrera que rindiera un informe suplementario.

El 30 de octubre la licenciada Carlos Cabrera nos presentó su informe en el cual se indica que el licenciado Pizarro Colón sólo pudo someter cuatro (4) de las nueve (9) Certificaciones Registrales requeridas y de éstas, sólo dos (2) demostraban que los negocios vertidos en instrumentos públicos pudieron ser inscritos. Concluyó que la conducta del licenciado Pizarro Colón violaba los requisitos de forma de la protocolización de poder según lo resuelto en *In re Protocolización de Poder*, 110 D.P.R. 652 (1981). Además, que no cumplía con los requisitos de legalización de las Reglas 40 y 41 del Reglamento Notarial de Puerto Rico, 4 L.P.R.A. Ap. XXIV, y lo referente a los propósitos de los actos notariales según el Art. 3 de la Ley Notarial de Puerto Rico, 4 L.P.R.A. sec. 2049, y la Regla 19 del Reglamento Notarial de Puerto Rico, 4 L.P.R.A. Ap. XXIV.

## II

A la fecha de hoy han transcurrido cuatro (4) años desde el primer señalamiento de deficiencias en la obra notarial del licenciado Pizarro Colón. A pesar de las numerosas prórrogas y oportunidades concedidas para cumplir con el deber de corregirlas, aún subsisten varias. Tampoco ha justificado su incumplimiento con lo ordenado en nuestras resoluciones, limitándose a reaccionar de manera superficial sobre los señalamientos hechos por la Oficina de Inspección de Notarías.

*Procede que decretemos su suspensión temporera del ejercicio de la abogacía y notaría hasta tanto este Tribunal disponga al respecto. In re Murphy Rodríguez*, 134 D.P.R. 716 (1993); *In re Silva Julbe*, 132 D.P.R. 970 (1993); *In re Osorio Díaz*, 131 D.P.R. 1050 (1992).

*Se dictará la correspondiente sentencia.*