*In re* JULIO E. GIL DE LAMADRID PÉREZ.

*Número:* TS-6476          *Resuelto:* 25 de marzo de 2004

*Carmen H. Carlos*, directora de la Oficina de Inspección de Notarías; *Cynthia M. González Aranguren*, abogada del notario querellado; *Juan C. Salchis Pou*, abogado de la Asociación de Notarios de Puerto Rico, *amicus curiae*.

PER CURIAM: Tenemos la ocasión para pautar si un notario de Puerto Rico puede protocolizar aquí un poder especial que se otorgó en el estado de Florida ante él, actuando allá como notario público de esa jurisdicción.

I

Julio E. Gil De Lamadrid Pérez (Lamadrid) fue admitido al ejercicio del notariado en Puerto Rico el 16 de enero de 1980. Desde esa fecha hasta el presente, Lamadrid ha informado a la Oficina de Inspección de Notarías y a este Foro que tanto su residencia como su oficina profesional están sitas en Puerto Rico.

Según una certificación del Departamento de Estado del estado de Florida, que consta en autos, Lamadrid estuvo comisionado como notario público en ese estado desde el 29 de diciembre de 1999 hasta el 28 de diciembre de 2003. Surge, además, que para ejercer como notario público en el estado de Florida se requiere que el notario sea residente legal de ese estado. El 1ro de mayo de 2003 se recibió en el Registro de Poderes de la Oficina de Inspección de Notarías adscrita a este Tribunal, una escritura de protocolización de poder que otorgó Lamadrid ese mismo día referente

a un poder que se suscribió el 28 de enero de 2003 en el estado de Florida ante el propio Lamadrid, actuando éste como notario público de esa jurisdicción.

En vista de la peculiar situación presente en el caso de autos —en el que un notario de Puerto Rico pretende protocolizar aquí un poder que él mismo legalizó como notario de otra jurisdicción— el 29 de julio de 2003 la Directora de la Oficina de Inspección de Notarías nos sometió el asunto para nuestra consideración, junto con su extenso análisis de la cuestión.

El 15 de agosto de 2003 le concedimos un término a Lamadrid para que se expresara en torno al citado escrito de la Directora de la Oficina de Inspección de Notarías. Solicitamos, a la vez, el parecer sobre este asunto de la Asociación de Notarios de Puerto Rico. Luego de concedérsele una prórroga a esta última, ambos comparecieron y presentaron sus criterios.

Así las cosas, el 19 de diciembre de 2003 le concedimos un término tanto a Lamadrid como a la Directora de la Oficina de Inspección de Notarías para que se expresaran en torno a la comparecencia de la Asociación de Notarios de Puerto Rico. Lamadrid contestó este otro requerimiento el 4 de febrero de 2004, y la Directora de la Oficina de Inspección de Notarías lo hizo el 27 de febrero de 2004.

Pasamos a resolver.

## II

Como se sabe, en Puerto Rico existe por ley especial un Registro de Poderes (Registro) —4 L.P.R.A. sec. 921— al cual se debe notificar cualquier escritura de constitución, modificación, sustitución, revocación o renovación de poder dentro de las setenta y dos horas de su otorgamiento (4 L.P.R.A. sec. 922). Este Registro, que está a cargo del Director de la Oficina de Inspección de Notarías, tiene el propósito de dar publicidad a los eventos sobre

poderes que la referida ley ordena que se inscriban. Esta falta de inscripción tiene como consecuencia que ninguno de los eventos especificados en la ley, del cual no se haya tomado razón en el citado Registro de Poderes, perjudicará a un tercero. 4 L.P.R.A. sec. 925. Dispone la citada ley, además, que el notario que por malicia o negligencia deje de cumplir con la obligación de notificar al Registro sus escrituras sobre poderes del modo que la ley preceptúa, no sólo responderá a un tercero por los daños y perjuicios que resulten sino que, además, se le podrá disciplinar por faltar a su deber como notario, independientemente de cualquier responsabilidad penal que esto también acarree. 4 L.P.R.A. sec. 926.

La ley sobre el Registro de Poderes expresamente dispone que no surtirá efecto en Puerto Rico ningún instrumento relativo a un poder otorgado fuera del Estado Libre Asociado a menos que sea protocolizado previamente aquí tal y como si el documento en cuestión se hubiese otorgado en Puerto Rico. 4 L.P.R.A. sec. 923. Por otro lado, la Regla 41 del Reglamento Notarial de Puerto Rico, 4 L.P.R.A. Ap. XXIV, exige que "[l]os documentos notariales otorgados fuera de Puerto Rico deberán ser protocolizados para que tengan eficacia de instrumento público en esta jurisdicción". (Énfasis suplido.) Dispone, así mismo, que "[t]ales documentos deberán estar legitimados por autoridad competente como condición para ser protocolizados en Puerto Rico". (Énfasis suplido.) Íd. En casos como el de autos, en el que el documento en cuestión proviene de un estado norteamericano, la citada Regla 41 exige concretamente que para poder protocolizar tales documentos, se deberá presentar evidencia "de la autoridad del funcionario ante quien fueron otorgados, o la certificación expedida por autoridad competente, de la que surja que el funcionario está autorizado para actuar como tal ...". (Énfasis suplido.)

En los comentarios que acompañan a la Regla 41 del Reglamento Notarial de Puerto Rico, *supra*, se advierte que "[*l*]*a protocolización de documentos notariales otorgados fuera de Puerto Rico es una actividad que requiere gran diligencia y análisis por parte del notario ...*". (Énfasis suplido.) Se reitera, además, que para protocolizarlos se debe certificar que la persona que legitimizó el documento fuera de Puerto Rico estaba "*en funciones y autorizado para ello*". (Énfasis suplido.) Íd.

■    Ya antes nos hemos expresado en términos generales sobre la protocolización de un poder otorgado fuera de Puerto Rico. En particular, hemos señalado que en tal procedimiento es esencial que el notario que suscribe la escritura o acta relativa al poder protocolado certifique la autenticidad de la firma y calidad del notario que autorizó el poder originalmente. *In re Protocolización de Poder*, 110 D.P.R. 652 (1981). Esto incluye, además, la identificación del funcionario —fuera de Puerto Rico— que legalizó la firma del notario ante el cual se otorgó el poder originalmente, y la fecha de tal legalización. Regla 61(d) del Reglamento Notarial, 4 L.P.R.A. Ap. XXIV.

En resumen, en lo que aquí nos concierne, el notario de nuestra jurisdicción que protocoliza un poder otorgado fuera de Puerto Rico está obligado a examinar el documento a ser protocolado para asegurarse, entre otros extremos: (1) que la persona ante quien se otorgó el poder inicialmente tenía facultad suficiente para autorizar el poder; (2) que la firma como notario es auténtica y estaba debidamente legalizada, y (3) que ese notario estaba debidamente en funciones cuando se otorgó ante sí el poder en cuestión. En otras palabras, el notario que protocoliza tiene que verificar y certificar que el notario que autorizó el poder actuó auténtica y válidamente al hacerlo.

### III

■ En el caso de autos, lo anterior significa que Lamadrid, como notario de Puerto Rico en la protocolización del poder en cuestión, tendría que certificar que la actuación de Lamadrid, como notario de Florida ante quien se otorgó el poder, fue auténtica y válida. Como bien señalan tanto la Asociación de Notarios como la Directora de la Oficina de Inspección de Notarías, el doble rol aludido expone al notario a un potencial *conflicto de intereses*. La labor crítica que debe realizar para que la protocolización del poder proceda implica evaluar su actuación previa como el notario que lo autorizó. No conviene a los mejores intereses jurídicos que esta situación potencialmente conflictiva ocurra. Somos conscientes de que la protocolización de un documento consiste, esencialmente, en su transcripción e ingreso al Protocolo de instrumentos públicos del notario que la realiza. *In re Protocolización de Poder*, supra, pág. 654. Sirve para preservar el documento en el Protocolo del notario. Esto, sin embargo, no significa que se trata de una operación meramente mecánica. Más bien, según se ha indicado ya, apareja realizar una labor de examen crítico de parte del notario que realiza la protocolización para asegurar que el poder cumple con los requisitos legales pertinentes, y que fue debidamente otorgado conforme a las normas de la jurisdicción donde se legalizó. Es para asegurar la objetividad de la evaluación referida que un poder no debe ser protocolizado en nuestra jurisdicción por el mismo notario que lo autorizó originalmente fuera de Puerto Rico conforme a las normas de otra jurisdicción.

■ Resolvemos, por ende, que un miembro de la profesión notarial puertorriqueña está impedido de protocolizar aquí un poder que se suscribió ante él actuando como notario de otra jurisdicción. Lo que procede sencillamente en la situación de autos es que la parte interesada procure

un notario distinto de Puerto Rico para que lleve a cabo la protocolización que es necesaria para que el documento se inscriba en el Registro de Poderes. Por esto, se expide el asunto que sometió la Directora de la Oficina de Inspección de Notarías y se le instruye que proceda a negar la inscripción del documento en cuestión en el Registro de Poderes, según lo presentó Lamadrid mediante la escritura de protocolización que aquí nos concierne.(¹)

*Se dictará una sentencia conforme a lo resuelto en esta opinión.*

El Juez Asociado Señor Rivera Pérez concurrió sin opinión escrita. El Juez Asociado Señor Rebollo López no intervino.

---

(¹) Además de la controversia que se dilucida en el texto de esta opinión, se ha cuestionado que Lamadrid no cumplía con todos los requisitos necesarios para ejercer como notario en Florida, supuestamente porque siendo residente de Puerto Rico no podía satisfacer el requisito de ser un residente legal de Florida (*a legal resident of Florida*). De este modo se cuestionó la validez del poder otorgado ante Lamadrid en Florida.

Con respecto a esta controversia, basta con señalar no sólo que una persona puede tener varias residencias legales (*Texas v. Florida*, 306 U.S. 398 (1939)), sino que, además, la imposición de requisitos de residencia para el ejercicio de actividades comerciales del sector privado (*doing business*) de ordinario suele ser constitucionalmente inválida. Esto se ha resuelto así por el Tribunal Supremo de Estados Unidos en varias ocasiones precisamente con respecto al ejercicio de la profesión jurídica. Véanse: *Supreme Court of New Hampshire v. Piper*, 470 U.S. 274 (1985); *Supreme Court of Virginia v. Friedman*, 487 U.S. 59 (1988); *Barnard v. Thorstenn*, 489 U.S. 546 (1989).

En vista de todo lo anterior, declinamos tratar como inválido el poder otorgado ante Lamadrid en Florida sólo porque este notario tuviese dos residencias legales.