EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: <br><br> Julio E. Gil De Lamadrid Pérez | 2004 TSPR 43 <br><br> 161 DPR _____ |

Número del Caso: TS-6476

Fecha: 25 de marzo de 2004

Oficina de Inspección de Notarías:

        Lcda. Carmen H. Carlos
        Directora

Abogada de la Parte Querellada:

        Lcda. Cynthia M. González-Aranguren

Abogado de la Asociación de Notarios de Puerto Rico:

        Lcdo. Juan C. Salichs Pou

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Julio E. Gil De Lamadrid          TS-6476
Pérez

PER CURIAM

San Juan, Puerto Rico, a 25 de marzo de 2004.

Tenemos la ocasión para pautar si un notario de Puerto Rico puede protocolizar aquí un poder especial que fue otorgado en el estado de Florida ante ese mismo letrado, actuando éste allá como notario público de esa jurisdicción.

I

Julio E. Gil De Lamadrid Pérez, en adelante Lamadrid, fue admitido al ejercicio del notariado en Puerto Rico el 16 de enero de 1980. Desde esa fecha hasta el presente, Lamadrid ha informado a la Oficina de Inspección de Notarías y a este Foro que tanto su residencia como su oficina profesional están sitas en Puerto Rico.

Surge de una certificación del Departamento de Estado del estado de Florida, que consta en autos, que Lamadrid estuvo comisionado como notario público en ese estado del 29 de diciembre de 1999 hasta el 28 de diciembre de 2003. Surge así mismo de dicha certificación que para ejercer como notario público en el estado de Florida se requiere que el notario sea residente legal de dicho estado. El 1 de mayo de 2003 se recibió, en el Registro de Poderes de la Oficina de Inspección de Notarías adscrita a este Tribunal, una escritura de protocolización de poder otorgada ese mismo día por Lamadrid referente a un poder q ue había sido suscrito el 28 de enero de 2003 en el estado de Florida ante el propio Lamadrid actuando éste como notario público de esa jurisdicción.

En vista de la peculiar situación presente en el caso de autos, en el que un notario de Puerto Rico pretende protocolizar aquí un poder que él mismo legalizó como notario de otra jurisdicción, el 29 de julio de 2003 la Directora de la Oficina de Inspección de Notarías nos sometió el asunto para nuestra consideración, junto con su propio extenso análisis de la cuestión.

El 15 de agosto de 2003, le concedimos un término a Lamadrid para que se expresara en torno al citado escrito de la Directora de la Oficina de Inspección Notarial. Solicitamos a la vez el parecer sobre este asunto de la Asociación de Notarios de Puerto Rico. Luego de concedérsele una prórroga a esta última, ambos comparecieron y presentaron sus criterios.

Así las cosas, el 19 de diciembre de 2003, le concedimos un término tanto a Lamadrid como a la Directora de la Oficina de Inspección Notarial para que se expresaran en torno a la comparecencia de la Asociación de Notarios de Puerto Rico. Lamadrid contestó este otro requerimiento el 4 de febrero de 2004, y la Directora de la Oficina de Inspección Notarial lo hizo el 27 de febrero de 2004.

Pasamos a resolver.

II

Como se sabe, en Puerto Rico existe por ley especial un Registro de Poderes, 4 L.P.R.A. sección 921, al cual debe notificarse cualquier escritura de constitución, modificación, sustitución, revocación o renovación de poder dentro de las setenta y dos horas de su otorgamiento. 4 L.P.R.A. sección 922. Este Registro, que está a cargo del Director de Inspección de Protocolos, tiene el propósito de dar publicidad a los eventos sobre poderes que la ley referida ordena que se inscriban. La falta de inscripción de dichos eventos sobre poderes tiene la consecuencia de que no perjudicará a tercero ninguno de los eventos especificados en la ley del cual no se haya tomado razón en el citado Registro de Poderes. 4 L.P.R.A. sec. 925. Dispone la citada ley, además, que el notario que por malicia o negligencia deje de cumplir con la referida obligación de notificar al Registro sus escrituras sobre poderes del modo que dicha ley preceptúa, no sólo responderá a tercero de los daños y perjuicios que resulte de ello, sino

que además podrá ser disciplinado por faltar a su deber como notario, todo independientemente de cualquier responsabilidad penal que ello también acarree. 4 L.P.R.A. sección 926.

La ley sobre el Registro de Poderes expresamente dispone que no surtirá efecto en Puerto Rico ningún instrumento relativo a un poder otorgado fuera del Estado Libre Asociado a menos que sea protocolizado previamente aquí tal y como si el documento en cuestión hubiese sido otorgado en Puerto Rico. 4 L.P.R.A. sección 923. Por otro lado, la Regla 41 del Reglamento Notarial de Puerto Rico exige que **"los documentos notariales otorgados fuera de Puerto Rico deberán ser protocolizados para que tengan eficacia de instrumento público en esta jurisdicción"**. Dispone así mismo que **"tales documentos deberán estar legitimados por autoridad competente como condición para ser protocolizados en Puerto Rico."** En casos como el de autos, en el que el documento en cuestión proviene de un estado norteamericano, la Regla 41 exige concretamente que para que se puedan protocolizar tales documentos se deberá presentar evidencia **"de la autoridad del funcionario ante quien fueron otorgados, o la certificación expedida por autoridad competente, de la que surja que el funcionario está autorizado para actuar como tal. . ."**

En los comentarios que acompañan a la Regla 41 del Reglamento Notarial de Puerto Rico se advierte que **"la protocolización de documentos notariales otorgados fuera de Puerto Rico es una actividad que requiere gran diligencia y análisis por parte del notario. . ."** Se reitera, además, que

para protocolizarlos debe certificarse que la persona que legitimizó el documento fuera de Puerto Rico estaba **"en funciones y autorizado para ello."**

Ya antes nos hemos expresado en términos generales sobre la protocolización de un poder otorgado fuera de Puerto Rico. En particular hemos señalado que en tal procedimiento es esencial que el notario que suscribe la escritura o acta relativa al poder protocolado certifique la autenticidad de la firma y calidad del notario que autorizó el poder originalmente. In re: Protocolización de Poder, 110 D.P.R. 652 (1981). Ello incluye además la identificación del funcionario fuera de Puerto Rico que legalizó la firma del notario ante el cual se otorgó el poder originalmente, y la fecha de tal legalización. Regla 61(d) del Reglamento Notarial.

En resumen, pues, en lo que aquí nos concierne, el notario de nuestra jurisdicción que protocoliza un poder otorgado fuera de Puerto Rico viene obligado a examinar el documento a ser protocolado para asegurarse, entre otros extremos, que la persona ante quien se otorgó el poder inicialmente: 1) tenía facultad suficiente para autorizar el poder; 2) que su firma como notario es auténtica y estaba debidamente legalizada; y 3) que ese notario estaba debidamente en funciones cuando se otorgó ante sí el poder en cuestión. En otras palabras, el notario que protocoliza tiene que verificar y certificar que el notario que autorizó el poder actuó auténtica y válidamente al hacerlo.

III

En el caso de autos, lo anterior significa que Lamadrid, como notario de Puerto Rico en la protocolización del poder en cuestión, tendría que certificar que la actuación de Lamadrid, como notario de Florida ante quien se otorgó el poder, fue auténtica y válida. Como bien señalan tanto la Asociación de Notarios como la Directora de Inspección Notarial, el doble rol aludido expone al notario en cuestión a un potencial **conflicto de intereses**. La labor crítica que debe realizar para que la protocolización del poder proceda implica evaluar su propia actuación previa como el notario que lo autorizó. No conviene a los mejores intereses jurídicos que esta situación potencialmente conflictiva ocurra. Estamos conscientes de que la protocolización de un documento consiste esencialmente de su transcripción e ingreso al protocolo de instrumentos públicos del notario que la realiza. In re: Protocolización de Poder, *supra*, pág. 654. Sirve para preservar dicho documento en el protocolo de este notario. Ello, sin embargo, no significa que se trata de una operación meramente mecánica. Más bien, según se ha indicado ya, apareja realizar una labor de examen crítico de parte del notario que realiza la protocolización, para asegurar que el poder cumple con los requisitos legales pertinentes, y que fue debidamente otorgado conforme a las normas de la jurisdicción donde se legalizó. Es para asegurar la objetividad de la evaluación referida que un poder no debe ser protocolizado en nuestra jurisdicción por el

mismo notario que lo autorizó originalmente fuera de Puerto Rico conforme a las normas de otra jurisdicción.

Resolvemos, por ende, que un miembro de la profesión notarial puertorriqueña está impedido de protocolizar aquí un poder que fue suscrito ante él mismo actuando como notario de otra jurisdicción. Lo que procede sencillamente en la situación de autos es que la parte interesada procure un notario distinto de Puerto Rico para que lleve a cabo la protocolización que es necesaria para que el documento pueda ser inscrito en el Registro de Poderes. Por ello, se expide el asunto sometido por la Directora de la Oficina de Inspección Notarial y se le instruye que proceda a negar la inscripción en el Registro de Poderes del documento en cuestión según presentado por Lamadrid mediante la escritura de protocolización que aquí nos concierne.[1]

---

[1]Además de la controversia que se dilucida en el texto de esta opinión, se ha cuestionado que Lamadrid no cumplía con todos los requisitos necesarios para ejercer como notario en Florida, supuestamente porque siendo residente de Puerto Rico podía no satisfacer el requisito de ser *a legal resident of Florida*. De este modo se cuestionó la validez del poder otorgado ante Lamadrid en Florida.

Con respecto a esta controversia, basta con señalar no sólo que una persona puede tener varias residencias legales, Texas v. Florida, 306 US 398 (1939), sino que, además, la imposición de requisitos de residencia para el ejercicio de actividades comerciales del sector privado ("doing business") de ordinario suele ser constitucionalmente inválida. Ello se ha resuelto así por el Tribunal Supremo de Estados Unidos en varias ocasiones precisamente con respecto al ejercicio de la profesión jurídica. Véase Supreme Court of New Hampshire v. Piper, 470 US 274 (1985); Supreme Court of Virginia v. Friedman, 487 US 59 (1988); Barnard v. Thorstenn, 489 US 546 (1989).

Se dictará una sentencia conforme a lo resuelto en esta opinión.

---

En vista de todo lo anterior, declinamos tratar como inválido el poder otorgado ante Lamadrid en Florida sólo porque este notario tuviese dos residencias legales.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


In re:


Julio E. Gil De Lamadrid                    TS-6476
Pérez


SENTENCIA


San Juan, Puerto Rico, a 25 de marzo de 2004.


    Por las razones expuestas en la Opinión Per
Curiam que antecede, la cual se hace formar
parte de la presente, se expide el asunto
sometido por la Directora de la Oficina de
Inspección Notarial y se le instruye que proceda
a negar la inscripción en el Registro de Poderes
del documento en cuestión según presentado por
Lamadrid mediante la escritura de
protocolización que aquí nos concierne.

    Lo pronunció, manda el Tribunal y certifica
la Secretaria del Tribunal Supremo. El Juez
Asociado señor Rivera Pérez concurre sin opinión
escrita. El Juez Asociado señor Rebollo López no
intervino.


                         Patricia Otón Olivieri
                         Secretaria del Tribunal Supremo