EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>José Luis Rodríguez Mangual | 2007 TSPR 184<br><br>172 DPR _____ |

Número del Caso: TS-2572

Fecha: 16 de octubre de 2007

Abogado de la Parte Peticionaria:

Por Derecho Propio

Oficina de Inspección de Notarías:

Lcda. Marla D. Ríos Díaz

Materia: Conducta Profesional
        (La suspensión será efectiva el 22 de octubre de 2007 fecha
        en que se le notificó al abogado de su suspensión inmediata.)

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

José Luis Rodríguez Mangual          TS-2572

PER CURIAM

San Juan, Puerto Rico, a 16 de octubre de 2007.

El licenciado José Luis Rodríguez Mangual (en adelante, Rodríguez Mangual) fue admitido al ejercicio de la abogacía en el año 1965 y prestó juramento como notario en el año 1966. El pasado 21 de febrero de 2007, la Oficina de Inspección de Notarías presentó ante este Tribunal el Informe sobre el estado de la notaría de Rodríguez Mangual, señalando que el Protocolo del año 1994 se aprobó con deficiencias en la Escritura Número 16 sobre Compraventa.

En la referida escritura, la parte compradora compareció representada por un apoderado. Sin embargo, el poder que autorizaba

dicha representación, el cual fue otorgado en Estados Unidos, no estaba protocolizado en Puerto Rico para la fecha en que Rodríguez Mangual autorizó la escritura de compraventa.

Posteriormente, se logró la protocolización de dicho poder, pero no fue posible ratificar la compraventa porque a esa fecha ya habían fallecido los poderdantes. Por consiguiente, no se pudo inscribir la escritura de compraventa en el Registro de la Propiedad.

Examinado el Informe presentado por la Oficina de Inspección de Notarías, le concedimos a Rodríguez Manual un término de veinte (20) días para que se expresara sobre el mismo. El 27 de marzo de 2007, Rodríguez Mangual compareció ante este Tribunal y reconoció las faltas señaladas.

Resolvemos, sin trámite ulterior, al amparo de las disposiciones de la Regla 50 de nuestro Reglamento.

I

Como es sabido, el notario es el profesional del derecho que ejerce una función pública, autorizado para dar fe sobre la autenticidad de los negocios jurídicos y demás actos y hechos extrajudiciales que ante él se realicen. En el ejercicio de sus funciones, el notario recibe e interpreta la voluntad de las partes y le proporciona forma legal, redactando las escrituras y los documentos notariales correspondientes. 4 L.P.R.A. sec. 2002; In re Rivera Aponte, res. el 19 de diciembre de 2006, 2007 TSPR 14.

Al autorizar un documento, el notario da fe y asegura que el mismo cumple, formal y sustantivamente, con todas las formalidades de ley y que se trata de una transacción válida y legítima. En ese momento, el documento notarial queda cobijado por la fe pública y por la presunción *iuris tantum* de que los actos que el notario ve y oye *–vidit et audit–* así como lo consignado por él, es legal y verdadero. Es precisamente esta presunción de legalidad, veracidad y legitimidad lo que le brinda certeza, garantía y eficacia al documento notarial. In re González Maldonado, 152 D.P.R. 871 (2000); In re Sepúlveda Girón, 155 D.P.R. 345 (2001).

En vista de lo anterior, es imprescindible que al ejercer su función el notario actúe con el más alto grado de diligencia. Conforme a ello, el notario debe observar celosamente las disposiciones de la Ley y el Reglamento Notarial, así como las disposiciones del Código de Ética Profesional. De no hacerlo, el notario se expone a las sanciones disciplinarias correspondientes y podría ser responsable tanto civil como criminalmente. In re Rivera Vázquez, 155 D.P.R. 267 (2001).

Cónsono con lo anterior, un notario que autoriza un instrumento público debe expresar la intervención de los otorgantes, haciendo constar si la misma es en su propio nombre o en representación de otro. Art. 18 de la Ley Notarial, 4 L.P.R.A. Sec. 2036; Regla 28 del Reglamento Notarial de Puerto Rico, 4 L.P.R.A. Ap. XXIV R. 28.

La necesidad de auscultar la capacidad de los otorgantes viene impuesta por la naturaleza y finalidad del instrumento público y guarda correspondencia lógica con el requisito de que exista consentimiento de los contratantes, sin lo cual no hay negocio jurídico válido. Conforme a ello, el negocio jurídico que se celebre a nombre de otro –por quien no tenga su autorización o representación legal– es nulo, a no ser que lo ratifique la persona a cuyo nombre se otorgue. Art. 1211 del Código Civil, 31 L.P.R.A. sec. 3376; In re Feliciano Ruiz, 117 D.P.R. 269 (1986).

En vista de que la capacidad de los otorgantes es un requisito para conseguir la eficacia del documento, es imprescindible que la misma exista *ab initio.* Conforme a ello, se requiere que la capacidad representativa del compareciente se acredite ante el notario mediante documento fehaciente antes del otorgamiento, salvo que los demás otorgantes consientan a que se acredite en un momento posterior. En este último caso, el notario debe hacer constar ese hecho en la escritura y debe advertirles a las partes que la eficacia del documento quedará subordinada a la presentación de prueba documental de la capacidad representativa. Además, debe consignar expresamente en la escritura que le hizo a las partes la advertencia correspondiente. Art. 19 de la Ley Notarial, 4 L.P.R.A. sec. 2037.

Por otro lado, para que los documentos notariales otorgados fuera de Puerto Rico tengan eficacia de

instrumento público en nuestra jurisdicción se requiere que sean previamente protocolizados en Puerto Rico. El notario que efectúa la protocolización tiene que verificar y certificar que el notario que autorizó el poder actuó auténtica y válidamente al hacerlo. In re Lamadrid Pérez, res. el 25 de marzo de 2004, 2004 TSPR 43. En esencia, la protocolización de un documento implica su transcripción e ingreso al protocolo de instrumentos públicos del notario, incorporado o unido como parte de la escritura o mediante acta que viabiliza este procedimiento. Art. 38 de la Ley Notarial de Puerto Rico, 4 L.P.R.A. sec. 2056; Regla 41 del Reglamento Notarial de Puerto Rico, 4 L.P.R.A. Ap. XXIV R. 41; In re Protocolización de Poder, 110 D.P.R. 652 (1981).

Como condición para la protocolización, es necesario que tales documentos estén legitimados por la autoridad competente. Si el documento a protocolizar proviene de un estado norteamericano, la legalización la debe hacer un funcionario autorizado y, en tales casos, es necesario presentar evidencia de la autoridad de dicho funcionario, o mostrar una certificación expedida por autoridad competente, de la cual surja que el funcionario está autorizado para actuar como tal. Art. 38 de la Ley Notarial de Puerto Rico, supra; Regla 41 del Reglamento Notarial de Puerto Rico, supra.

En particular, el Artículo 4 de Ley sobre Registro de Poderes dispone que un instrumento relativo a un poder otorgado fuera del Estado Libre Asociado no surtirá efecto

alguno en Puerto Rico, a menos que sea previamente protocolizado. El notario que efectúa dicha protocolización está obligado a cumplir con las disposiciones sobre registro de poderes tal y como si el documento en cuestión hubiese sido otorgado ante él. 4 L.P.R.A. Sec. 923.

## II

En el caso de autos, las partes del negocio jurídico comparecieron ante Rodríguez Mangual con el propósito de celebrar una compraventa. La parte compradora fue representada por un apoderado. En vista de ello, Rodríguez Mangual tenía que exigir, previo al otorgamiento, que se le acreditara la capacidad representativa del compareciente mediante documento fehaciente. Además, dado que el poder que autorizaba la representación fue autorizado en los Estados Unidos, era necesario que éste fuese previamente protocolizado en Puerto Rico para que tuviera eficacia en esta jurisdicción.

A pesar de ello, al momento del otorgamiento de la escritura autorizada por Rodríguez Mangual, el poder representativo de la parte compradora no había sido protocolizado en Puerto Rico. Siendo así, el mismo carecía de efecto jurídico en nuestra jurisdicción. Sin embargo, Rodríguez Mangual procedió con la autorización de la escritura de compraventa. Al así actuar, mientras ejercía como notario Rodríguez Mangual no procedió conforme a lo dispuesto en la Ley y Reglamento Notarial. Su desempeño

profesional no se caracterizó por la cautela y el celo que demanda la función pública del notario.

Como resultado de la ineficacia del poder representativo, la compraventa que Rodríguez Mangual autorizó no fue válida ni produjo efecto jurídico alguno en nuestra jurisdicción. En estos casos, normalmente es posible subsanar el defecto en cuestión mediante la ratificación del negocio jurídico celebrado por la persona a cuyo nombre se haya otorgado el mismo. No obstante, en el caso ante nuestra consideración, los poderdantes fallecieron y, por tal razón, no fue posible ratificar la compraventa y tampoco se pudo inscribir en el Registro de la Propiedad la correspondiente escritura de compraventa. Según acepta el mismo Rodríguez Mangual, su falta es insubsanable y causó perjuicio a las partes del negocio jurídico.

Como hemos señalado, la importante función pública del notario exige que éste acate fiel y diligentemente los requisitos y las formalidades que le imponen la Ley y el Reglamento Notarial. En vista de ello, procede ejercer nuestra facultad disciplinaria en contra de Rodríguez Mangual. Para determinar la sanción, no podemos pasar por alto que la conducta de Rodríguez Mangual en efecto perjudicó a las partes del negocio jurídico que él autorizó. Sin embargo, también debemos tomar en consideración que Rodríguez Mangual aceptó su responsabilidad y expresó su sincero arrepentimiento.

Además, en su larga práctica como notario, ésta es la primera vez que este Tribunal toma una medida disciplinaria en su contra.

### III

Por los fundamentos expuestos, se ordena la suspensión inmediata del Lic. José Luis Rodríguez Mangual del ejercicio de la notaría por el término de tres (3) meses. La Oficina del Alguacil de este Tribunal procederá, de inmediato, a incautarse de su obra notarial, debiendo entregar la misma a la Oficina de Inspección de Notarías para la investigación e informe correspondiente.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

José Luis Rodríguez Mangual          TS-2572

SENTENCIA

San Juan, Puerto Rico, a 16 de octubre de 2007.

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte de la presente Sentencia, se ordena la suspensión inmediata del Lic. José Luis Rodríguez Mangual del ejercicio de la notaría por el término de tres (3) meses. La Oficina del Alguacil de este Tribunal procederá, de inmediato, a incautarse de su obra notarial, debiendo entregar la misma a la Oficina de Inspección de Notarías para la investigación e informe correspondiente.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez no intervino.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo