per curiam:
El licenciado José Luis Rodríguez Mangual (Rodríguez Mangual) fue admitido al ejercicio de la aboga-cía en 1965 y prestó juramento como notario en 1966. El pasado 21 de febrero de 2007, la Oficina de Inspección de Notarías presentó ante este Tribunal el informe sobre el estado de la notaría de Rodríguez Mangual, señalando que el Protocolo de 1994 se aprobó con deficiencias en la Escri-tura Número 16 sobre Compraventa.
En la referida escritura, la parte compradora compare-ció representada por un apoderado. Sin embargo, el poder que autorizaba dicha representación, el cual fue otorgado en Estados Unidos, no estaba protocolizado en Puerto Rico para la fecha en que Rodríguez Mangual autorizó la escri-tura de compraventa. Posteriormente, se logró la protoco-lización de dicho poder, pero no fue posible ratificar la com-praventa porque a esa fecha ya habían fallecido los poderdantes. Por consiguiente, no se pudo inscribir la es-critura de compraventa en el Registro de la Propiedad.
Examinado el Informe presentado por la Oficina de Ins-pección de Notarías, concedimos a Rodríguez Mangual un término de veinte días para que se expresara. El 27 de marzo de 2007, Rodríguez Mangual compareció ante este Tribunal y reconoció las faltas señaladas.
*316 Resolvemos, sin trámite ulterior, al amparo de las dis-posiciones de la Regla 50 de nuestro Reglamento, 4 L.P.R.A. Ap. XXI-A.
I
Como es sabido, el notario es el profesional del Derecho que ejerce una función pública, autorizado para dar fe sobre la autenticidad de los negocios jurídicos y demás actos y hechos extrajudiciales que ante él se realicen. En el ejercicio de sus funciones, el notario recibe e interpreta la voluntad de las partes y le proporciona forma legal, redactando las escrituras y los documentos notariales correspondientes. 4 L.P.R.A. see. 2002; In re Rivera Aponte, 169 D.P.R. 738 (2007).
Al autorizar un documento, el notario da fe y asegura que el documento cumple, formal y sustantivamente, con todas las formalidades de ley y que se trata de una transacción válida y legítima. En ese momento, el documento notarial queda cobijado por la fe pública y por la presunción inris tantum de que los actos que el notario ve y oye —vidit et audit— así como lo consignado por él, es legal y verdadero. Es precisamente esta presunción de legalidad, veracidad y legitimidad lo que le brinda certeza, garantía y eficacia al documento notarial. In re González Maldonado, 152 D.P.R. 871 (2000); In re Sepulveda Girón, 155 D.P.R. 345 (2001).
En vista de lo anterior, es imprescindible que al ejercer su función el notario actúe con el más alto grado de diligencia. Conforme a ello, el notario debe observar celosamente las disposiciones de la ley y el reglamento notariales, así como las disposiciones del Código de Etica Profesional. De no hacerlo, el notario se expone a las sanciones disciplinarias correspondientes y podría ser responsable tanto civil como criminalmente. In re Rivera Vázquez, 155 D.P.R. 267 (2001).
*317 Cónsono con lo anterior, un notario que autoriza un instrumento público debe expresar la intervención de los otorgantes, haciendo constar si ésta es en su propio nombre o en representación de otro. Art. 18 de la Ley Notarial de Puerto Rico, 4 L.P.R.A. see. 2036; Regla 28 del Reglamento Notarial de Puerto Rico, 4 L.P.R.A. Ap. XXIV.
La necesidad de auscultar la capacidad de los otorgantes la impone la naturaleza y finalidad del instrumento público y guarda correspondencia lógica con el requisito de que exista consentimiento de los contratantes, sin el cual no hay negocio jurídico válido. Conforme a ello, el negocio jurídico que se celebre a nombre de otro —por quien no tenga su autorización o representación legal— es nulo, a no ser que lo ratifique la persona a cuyo nombre se otorgue. Art. 1211 del Código Civil, 31 L.P.R.A. see. 3376; In re Feliciano Ruiz, 117 D.P.R. 269 (1986).
En vista de que la capacidad de los otorgantes es un requisito para conseguir la eficacia del documento, es imprescindible que ésta exista ab initio. Conforme a ello, se requiere que la capacidad representativa del compareciente se acredite ante el notario mediante un documento fehaciente antes del otorgamiento, salvo que los demás otorgantes consientan a que se acredite en un momento posterior. En este último caso, el notario debe hacer cons-tar ese hecho en la escritura y debe advertir a las partes que la eficacia del documento quedará subordinada a la presentación de prueba documental de la capacidad representativa. Además, debe consignar expresamente en la escritura que hizo a las partes la advertencia correspondiente. Art. 19 de la Ley Notarial de Puerto Rico, 4 L.P.R.A. see. 2037.
Por otro lado, para que los documentos notariales otorgados fuera de Puerto Rico tengan la eficacia de un instrumento público en nuestra jurisdicción se requiere que sean previamente protocolizados en Puerto Rico. El *318 notario que efectúa la protocolización tiene que verificar y certificar que el notario que autorizó el poder actuó autén-tica y válidamente. In re Gil de Lamadrid, 161 D.P.R. 461 (2004). En esencia, la protocolización de un documento im-plica su transcripción e ingreso al Protocolo de instrumen-tos públicos del notario, incorporado o unido como parte de la escritura o mediante un acta que haga viable este procedimiento. Art. 38 de la Ley Notarial de Puerto Rico, 4 L.P.R.A. see. 2056; Regla 41 del Reglamento Notarial de Puerto Rico, 4 L.P.R.A. Ap. XXIV; In re Protocolización de Poder, 110 D.P.R. 652 (1981).
Como condición para la protocolización, es necesario que tales documentos estén legitimados por la autoridad competente. Si el documento a protocolizar proviene de un estado norteamericano, la legalización la debe hacer un funcionario autorizado. En tales casos, es necesario presentar evidencia de la autoridad de dicho funcionario o mostrar una certificación expedida por una autoridad competente, de la cual surja que el funcionario está autorizado para actuar como tal. Art. 38 de la Ley Notarial de Puerto Rico, supra; Regla 41 del Reglamento Notarial de Puerto Rico, supra.
En particular, el Art. 4 de Ley sobre Registro de Poderes dispone que un instrumento relativo a un poder otorgado fuera del Estado Libre Asociado no surtirá efecto alguno en Puerto Rico, a menos que sea previamente protocolizado. 4 L.P.R.A. see. 923. El notario que efectúa dicha protocolización está obligado a cumplir con las disposiciones sobre registro de poderes tal y como si el documento en cuestión hubiese sido otorgado ante él.
II
En el caso de autos, las partes del negocio jurídico com-parecieron ante Rodríguez Mangual con el propósito de ce-lebrar una compraventa. La parte compradora fue repre- *319 sentada por un apoderado. En vista de ello, Rodríguez Mangual tenía que exigir, previo al otorgamiento, que se le acreditara la capacidad representativa del compareciente mediante un documento fehaciente. Además, dado que el poder que autorizaba la representación fue autorizado en Estados Unidos, era necesario que éste fuese previamente protocolizado en Puerto Rico para que tuviera eficacia en esta jurisdicción.
A pesar de ello, al momento del otorgamiento de la es-critura autorizada por Rodríguez Mangual, el poder repre-sentativo de la parte compradora no había sido protocoli-zado en Puerto Rico. Siendo así, éste carecía de efecto jurídico en nuestra jurisdicción. Sin embargo, Rodríguez Mangual procedió con la autorización de la escritura de compraventa. Al así actuar, mientras ejercía como notario, Rodríguez Mangual no procedió conforme a lo dispuesto en la ley y reglamento notariales. Su desempeño profesional no se caracterizó por la cautela y el celo que demanda la función pública del notario.
Como resultado de la ineficacia del poder representa-tivo, la compraventa que Rodríguez Mangual autorizó no fue válida ni produjo efecto jurídico alguno en nuestra jurisdicción. En estos casos, normalmente es posible sub-sanar el defecto en cuestión mediante la ratificación del negocio jurídico celebrado por la persona a cuyo nombre se haya otorgado. No obstante, en el caso ante nuestra consi-deración, los poderdantes fallecieron y, por tal razón, no fue posible ratificar la compraventa; tampoco se pudo ins-cribir en el Registro de la Propiedad la correspondiente escritura de compraventa. Según acepta el mismo Rodrí-guez Mangual, su falta es insubsanable y causó perjuicio a las partes del negocio jurídico.
Como hemos señalado, la importante función pública del notario exige que éste acate fiel y diligentemente los requisitos y las formalidades que le imponen la ley y el reglamento notariales. En vista de ello, procede ejercer *320 nuestra facultad disciplinaria contra Rodríguez Mangual. Para determinar la sanción, no podemos pasar por alto que la conducta de Rodríguez Mangual en efecto perjudicó a las partes del negocio jurídico que él autorizó. Sin embargo, también debemos tomar en consideración que Rodríguez Mangual aceptó su responsabilidad y expresó su sincero arrepentimiento. Además, en su larga práctica como nota-rio, esta es la primera vez que este Tribunal toma una medida disciplinaria en su contra.
HH HH hH
Por los fundamentos expuestos, se ordena la suspensión inmediata del Lie. José Luis Rodríguez Mangual del ejer-cicio de la notaría por el término de tres meses. La Oficina del Alguacil de este Tribunal procederá, de inmediato, a incautarse de su obra notarial y entregarla a la Oficina de Inspección de Notarías para la investigación e informe correspondientes.

Se dictará Sentencia de conformidad.

La Juez Asociada Señora Rodríguez Rodríguez no intervino.